1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

JERRY CADENAS,

    Plaintiff,

  v.

UNION PACIFIC RAILROAD,

    Defendant.

Case No.  C10-5089RJB

ORDER ON MOTION FOR
REMAND

17
18
19

  This matter comes before the Court on Plaintiff's Motion for Remand to State Court:  28 U.S.C. § 1147.  Dkt. 7.  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

20

## I. PROCEDURAL AND FACTUAL BACKGROUND

21
22
23
24
25

  In this action, originally filed in Thurston County, Washington Superior Court, Plaintiff alleges that Defendant is liable for negligently failing to maintain a railroad crossing.  Dkt. 3, at 8.  Plaintiff asserts that on or about March 29, 2008, he was injured while using the crossing.  *Id.*  On February 9, 2010, Defendant removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. 1.

26
27
28

  Plaintiff now files a motion for remand arguing that removal was improper because the "action does not meet the jurisdictional dollar amount limit of $75,000."  Dkt. 7.   Defendant responds, arguing that "complete diversity exists and the amount in controversy, exclusive of interest

and costs, exceeds $75,000." Dkt. 10, at 1.  Defendant points to a pre-suit settlement demand letter in which Plaintiff's counsel valued the case at $125,000.  *Id.*  Plaintiff's counsel argues that "the value of the case is under $75,000, and that generally his first demand to the insurance company does not reflect the ultimate value of the case, but merely a point to begin negotiations." Dkt. 13.  He asserts that his motion should be granted.  *Id.*

## II.   DISCUSSION

### A.   MOTION FOR REMAND

United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court where district courts of the United States have original jurisdiction.

Plaintiff's Complaint does not identify the amount of damages sought. Dkt. 3, at 8.  "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (*citing  Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.1996)).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Id.*

Defendant points to the pre-suit letter as evidence that "it is more likely than not that the amount in controversy exceeds" $75,000. *Guglielmino* at 699.  "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  In *Cohn,* the Court held that a settlement letter demanding $100,000 dollars for alleged violations of a trademark was sufficient evidence that the amount in controversy requirement was met.  *Id.*  The Court noted that in that case "Cohn could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence.  Rather, he consistently maintained that his mark is worth more than $100,000."  *Id.*

Review of Plaintiff's demand letter indicates that it is not a "reasonable estimate of the

plaintiff's claim." *Cohn,* at 840.  The demand latter states that Plaintiff had a total of $3,441.30 in medical expenses and his total wage loss was $680.00.  Dkt. 11, at 7.  Plaintiff's economic damages total $4,121.30.  *Id.*  Even presuming that his non-economic damages are as much as ten times his economic damages, they would be $41,213.00.  His total for economic and non-economic damages would be $45,334.30.  "Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees."  *Guglielmino* at 700.  Presuming that attorneys' fees would be an additional one-third portion of the recovery, as much as $23,000.00, Plaintiff's case still does not meet the amount in controversy requirement.

Further, unlike the plaintiff in *Cohn*, Plaintiff here states that his case is not worth $75,000.00 or more.  Dkts. 7, 13, and 13-2.  The Court finds itself in the unusual position of hearing from a Plaintiff that his case is worth less and a Defendant asserting that it may be worth more.  Defendant has not carried its' burden.  Plaintiff's motion should be granted.  This matter should be remanded to Thurston County, Washington Superior Court.

### III.    ORDER

Therefore, it is hereby **ORDERED** that:

•    Plaintiff's Motion for Remand to State Court:  28 U.S.C. § 1147 (Dkt. 7) is **GRANTED**;

•    This case is **REMANDED** to Thurston County, Washington Superior Court; and

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of March, 2010.

Robert J Bryan
United States District Judge